UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Steven Ondo, et al.,** | ) | **CASE NO. 1:12 CV 122** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **City of Cleveland, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendants Clifford Kime's and City of Cleveland's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 17). This is a § 1983 case alleging excessive force and "undisguised prejudice" against two gay men. For the following reasons, the motion is GRANTED.

### Facts

Plaintiffs Steven Ondo and Jonathon Simcox filed this Amended Complaint against moving defendants City of Cleveland and Officer Clifford Kime, as well as 16 other named defendants and John and Jane Does.

The Amended Complaint is based on two incidents and generally alleges the

1

following. On the evening of April 2, 2011, plaintiffs Ondo and Simcox, along with a friend, were walking home to plaintiffs' apartment in Cleveland, Ohio when an argument arose between plaintiffs which caused Ondo to separate from the others. Upon learning that Ondo had the key to the apartment, Simcox began calling out for him. This precipitated a confrontation with defendant Matthew Maclaren, an off-duty Cleveland police officer, who suddenly appeared and yelled, "Shut up you faggot." Maclaren punched and dragged Simcox and then pinned Ondo, who had come to the scene, to the ground. Neighbors distracted Maclaren which allowed for plaintiffs to retreat to their apartment and call the Cleveland Police Department. When the police arrived, plaintiffs were removed from their apartment, placed in police cars, handcuffed, and taken to jail. After charges were dropped, plaintiffs were released from jail three days later.

On the morning of April 8, 2011, members of the "Sweep Team" of the Cleveland Police Department, performing a "warrant sweep," came to plaintiffs' apartment and seized and dragged them out. The Sweep Team consisted of three units: the Community Services Unit, the Swat Unit, and the Warrant Unit. Officer Kime was a member of the Warrant Unit. Plaintiffs were punched, placed in handcuffs, and arrested for assaulting a police officer. Dressed only in their t-shirts, underwear, and shoes, plaintiffs were taunted by the members of the Sweep Team for being gay and taken to the Cleveland City Jail. Once at the jail, repeated requests for pants were denied by jail employees for about a day. Plaintiffs were released on April 10, 2011, and forced to walk home without pants. After a full trial before a judge, plaintiffs were found not guilty of assaulting a police officer.

The Complaint asserts six claims: three arise under § 1983 (excessive force, violation

of right to privacy and to be free from cruel and unusual punishment, and violation of equal protection). The remaining arise under state law (assault and battery, intentional infliction of emotional distress, and invasion of privacy[1]).

This matter is before the Court upon defendants City of Cleveland's and Kime's Motion to Dismiss.[2]

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level."*ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank,* 2009 WL 1811915 (6th Cir. June 25, 2009) (citing

---

[1] The invasion of privacy claim is labeled as the tenth cause of action, although it is the sixth.

[2] Plaintiffs opposed the motion, and defendants did not file a reply brief.

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir.2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In *Twombly*, the court held that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.

### Discussion

Defendants assert that the Amended Complaint contains insufficient allegations as to Kime and the City of Cleveland and fails to state a plausible right of recovery as to them.

As to Kime, defendants point out that the Amended Complaint only alleges the following: Kime was a member of the Warrant Unit that participated in the April 8 warrant sweep. He was present at plaintiffs' home that morning. (Am. Compl. ¶ 83) Kime took plaintiffs' fingerprints upon arrival at the jail on April 8. (*Id.* ¶109) Kime met with Cleveland Police Sergeant Diaz, who was in charge of the April 8 warrant sweep, the morning of April 8 to discuss the sweep. Diaz approved and delegated to Kime full, final, and unreviewable discretion regarding the methods the Sweep Team would use against plaintiffs. Kime, along with Diaz, was the final policymaker for purposes of particular aspects of the raid including the staffing of the Sweep Team and the tactical methods it would employ as well as its treatment of plaintiffs. (*Id.* ¶124)

Defendants assert that the Amended Complaint does not identify any specific act of misconduct allegedly committed by Kime, and does not offer any operative facts supporting

the legal conclusion that he was a policymaker. Nor, defendants contend, does the pleading identify any specific custom or practice allegedly adopted by Kime, and fails to explain how any such policy or practice lead to the alleged constitutional violations.

Plaintiffs assert that in addition to the allegations identified above, it can be inferred from the Amended Complaint that Kime participated in the April 8 arrest of plaintiffs, and that he withheld pants to plaintiffs in jail given that he brought plaintiffs there in that condition.  Moreover, plaintiffs point to the allegation that the "Sweep Officer who appeared to be in charge responded by punching [Simcox] twice in the face..."  (Am. Compl. ¶ 91)[3] Plaintiffs contend that the Amended Complaint sufficiently alleges that Kime was a policymaker who ratified the unconstitutional conduct of the Sweep Team.  The fact that he brought plaintiffs in for booking and fingerprinted them, additionally supports the fact that he had managerial and policymaking authority and responsibility.

For the following reasons, the Amended Complaint fails to state a claim against Kime. "To establish liability under Section 1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint." *Reynolds v. Smith,* 2012 WL 293012 (S.D.Ohio Feb. 1, 2012) (citing *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir.2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999)). "A party cannot be held liable under Section 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly

---

[3]  Plaintiffs also assert that defendants have deliberately failed to produce Kime for a discovery deposition despite being properly subpoenaed, thereby "secreting information about the raid."  But, there is no pending discovery dispute brought to this Court's attention.

5

unconstitutional conduct." *Id.* (citing *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir.1989)). Supervisory liability under § 1983 must lie upon more than a mere right to control employees. *Gregory v. City of Louisville,* 444 F.3d 725 (6th Cir. 2006). A supervisor may be held liable for ratification of unconstitutional actions by subordinate officers through a policy of failing to discipline officers for prior unconstitutional actions. *Griffin v. Kyle,* 2012 WL 122360 (S.D.Ohio Jan. 17, 2012) (citations omitted).

The fact that Kime was a member of the Warrant Unit that participated in the warrant sweep at plaintiffs' house is insufficient to infer that he was personally involved in excessive force or other unconstitutional conduct against plaintiffs. To find otherwise would be making an unreasonable inference which this Court is not permitted to do. To infer that Kime was a defendant that withheld plaintiffs' pants while they were in jail based on the fact that Kime brought plaintiffs to the jail without their pants and fingerprinted them is also an unwarranted factual inference given that Kime is not alleged to exert any control over the jail. Additionally, the Court cannot reasonably conclude that Kime was the "Sweep Officer who appeared to be in charge" who punched Simcox in the face. Nor are there any allegations that Kime previously failed to discipline officers for other unconstitutional actions.

Additionally, plaintiffs' allegation that Kime was a final policymaker of the sweep falls short of stating a claim against him in his role as supervisor of the officers involved in the incident. This allegation does not contain enough, or even any, information concerning Kime's role to render a claim for supervisory liability against him plausible. Instead, the allegations appear to be legal conclusion rather than a factual allegation that Kime ratified the officers' unconstitutional actions through a policy of failing to discipline them.

6

In sum, there are insufficient allegations to show that Kime was personally involved in or participated in the violative conduct because of his mere presence. There must be more than merely the existence of supervisory authority before Kime could be liable for the unconstitutional conduct of his subordinates.

As to the City of Cleveland, the Amended Complaint alleges that by failing to properly investigate the unconstitutional acts of the police officers, the City of Cleveland ratified the acts of the defendants giving rise to § 1983 liability.

It is well-established that a municipality may only be held liable under § 1983 when an official policy or custom causes an employee to violate another's constitutional rights. *See Smith v. Patterson,* 430 Fed.Appx. 438 (6th Cir. 2011) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978)). There is no *respondeat superior* liability under § 1983. *Id.* "A failure to investigate or the ratification of illegal acts can constitute evidence of an official 'policy of deliberate indifference.' " *Skovgard v. Pedro,* 448 Fed.Appx. 538 (6th Cir. 2011) (citing *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1248 (6th Cir.1989)). A plaintiff can establish municipal liability claim by showing that a final municipal policymaker approved an investigation that was so inadequate as to constitute a ratification of an alleged use of excessive force. *See Lentz v. City of Cleveland*, 333 F.Appx. 42 (6th Cir. 2009)(citing *Feliciano v. City of Cleveland*, 988 F.2d 649, 656 (6th Cir.1993).

While a municipality's failure to investigate constitutional deprivations and to discipline offending officers can give rise to municipal liability under § 1983, the plaintiff must demonstrate that the municipal action was taken with deliberate indifference as to its known or obvious consequences. *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th

Cir.2006). To establish deliberate indifference, the plaintiff must show prior instances of unconstitutional conduct demonstrating that the municipality ignored a history of abuse and was clearly on notice that the supervision was deficient and likely to cause injury. *See Miller v. Sanilac County*, 606 F.3d 240, 255 (6th Cir.2010).

Defendants assert that plaintiffs do not allege or offer operative facts suggesting deliberate indifference. In their brief, plaintiffs argue that based on their allegation that the officers taunted them by saying, "faggots don't get to where pants to jail," an inference may be made that the Cleveland Police Department customarily treats gay men differently than heterosexual men. That would be an unwarranted factual inference. There are no allegations of prior instances of such unconstitutional conduct of which the City had prior knowledge and failed to investigate. Rather, plaintiffs are obviously attempting to infer a City-wide policy based solely on one instance of potential misconduct which would effectively be holding the City liable on a *respondeat superior* theory.

Finally, plaintiffs also contend that because the individual defendants were sued in their official capacities, the City of Cleveland is a proper defendant. While it is true that an official capacity claim is treated as an action against the City itself, "a successful suit against a municipal officer in his official capacity must meet the requirements for municipal liability stated in *Monell.*" *Kraemer v. Luttrell,* 189 Fed.Appx. 361 (6th Cir. 2006). As discussed above, plaintiffs failed to state a claim for municipal liability.

For these reasons, defendants Kime and City of Cleveland are properly dismissed.

**Conclusion**

For the foregoing reasons, defendants Clifford Kime's and City of Cleveland's Motion

to Dismiss Plaintiff's First Amended Complaint is granted.

    IT IS SO ORDERED.


                      /s/ Patricia A. Gaughan
                      PATRICIA A. GAUGHAN
                      United States District Judge


Dated: 8/27/12